Sabina M. HAYDU, Plaintiff,

v.

**TIDEWATER COMMUNITY COLLEGE,**

and

**The State Board of Community Colleges, a/k/a The Virginia Community College System, Defendants.**

ACTION NO: 2:16cv624

United States District Court,
E.D. Virginia,
Norfolk Division.

Signed 04/28/2017

Jennifer Tatum Atkinson, Raymond Lee Hogge, Jr., Hogge Law, Norfolk, VA, for Plaintiff.

Liza Shawn Simmons, Sarah Flynn Robb, Office of the Attorney General (Richmond), Richmond, VA, for Defendant.

## MEMORANDUM ORDER

REBECCA BEACH SMITH, CHIEF JUDGE

This matter is before the court on the Plaintiff's Motion to Stay Pending Action by the Bankruptcy Court or Trustee ("Motion to Stay"), ECF No. 7, and accompanying Memorandum in Support. ECF No. 8. Also before the court is the Defendants' Motion for Summary Judgment and Opposition to Plaintiff's Motion to Stay ("Motion for Summary Judgment"), ECF No. 9, and accompanying Memorandum in Support. ECF No. 10. The Plaintiff filed a Memorandum in Opposition to Motion for Summary Judgment and Reply Memorandum in Support of Motion to Stay. ECF No. 11. The Defendants filed a Reply Brief in Support of Motion for Summary Judgment, ECF No. 12, and an Amended Reply Brief in Support of Motion for Summary Judgment. ECF No. 13. The Plaintiff then filed a Motion for Leave to File Supplemental Exhibits in Opposition to Motion for Summary Judgment and in Support of Motion to Stay ("Motion for Leave"), ECF No. 14, to which the Defendants did not respond. For the reasons set forth herein, the court addresses and **GRANTS** the Plaintiff's Motion to Stay and Motion for Leave, but **HOLDS IN ABEYANCE** the Defendants' Motion for Summary Judgment.

## I. BACKGROUND

The Plaintiff is a native of Azerbaijan who fled her home country due to persecution during a period of political upheaval. Compl., ECF No. 1, ¶ 1.[1] She moved to Virginia Beach, and, in or about May 2003, began work at Tidewater Community College ("TCC"). Id.; id. ¶ 18. Beginning in 2009, certain TCC employees "began a campaign of discrimination and harassment against [the Plaintiff] based on her national origin (her accent) and her religion (Jewish)." Id. ¶ 1. For example, a coworker became irate and screamed at her for making harmless mistakes, and threatened her with physical violence during the time she was pregnant. Id. ¶ 21. Another coworker frequently told her to "go back to where she came from," commented on her accent, and told her that she "was not able to speak English." Id. ¶ 22. A supervisor referred to her as "Jew girl." Id. ¶ 25. Two other individuals made the Plaintiff pray with them, and one "frequently urged" the Plaintiff to attend church with her. Id. ¶ 35. When the Plaintiff complained to her supervisors about this conduct, they ignored her complaints and joined in on the abuse. Id. ¶ 20. Multiple people in human resources declined to address the issues she raised. Id. ¶ 24. Her direct supervisor told her to stop contacting human resources, and that she should "just let it go." Id. ¶¶ 29, 30. The director of human resources did not respond to an e-mail from the Plaintiff about how she was treated. Id. ¶ 51.

---

1. The facts recited herein are taken as alleged in the Plaintiff's Complaint, which at this juncture the court accepts as true for the purposes of ruling herein.

The Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about December 4, 2013. Id. ¶ 7. She ultimately resigned from TCC on May 9, 2014, because of the hostile work environment she faced, and because of TCC's failure to take corrective action. Id. ¶ 49. She filed an amended Charge of Discrimination on or about September 12, 2014. Id. ¶ 8. The EEOC determined that the Defendants violated Title VII, see EEOC Determination Letter, ECF No. 10–5, but was unable to resolve the dispute; it then forwarded the case to the United States Department of Justice on or about March 4, 2016. Compl. ¶¶ 9–10. The Department of Justice issued a Notice of Right to Sue on June 6, 2016. Notice of Right to Sue, ECF No. 10–8. The Plaintiff filed the instant Complaint on October 21, 2016.[2]

On January 23, 2015, after the Plaintiff had filed a Charge of Discrimination with the EEOC, but before she filed the Complaint in this court, the Plaintiff and her husband filed a Voluntary Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Eastern District of Virginia. Voluntary Petition, ECF No. 10–3.[3] On May 11, 2015, the bankruptcy court granted the Plaintiff and her husband a discharge under 11 U.S.C. § 757. Discharge of Joint Debtors, ECF No. 10–4. On January 8, 2016, the bankruptcy court closed the estate, and discharged the bankruptcy trustee. Order Discharging Trustee and Closing Case, ECF No. 10–6.

On February 2, 2017, the Plaintiff filed her Motion to Stay. In the accompanying Memorandum in Support, the Plaintiff states that her "charge of discrimination and Title VII claims should have been, but apparently were not, disclosed in her bankruptcy proceedings."[4] Mem. Supp. Mot. Stay at 2. On that same day, the Plaintiff had a letter delivered to bankruptcy counsel requesting that bankruptcy counsel notify the trustee of the Title VII claims and have the bankruptcy proceedings reopened to allow the trustee to either abandon, intervene in, or otherwise consider and act upon the Plaintiff's claims in this action. Id. at 2–3. On March 3, 2017, bankruptcy counsel filed in the bankruptcy court a Motion to Reopen Case ("Motion to Reopen"). Motion to Reopen Case, In re Haydu, No. 15–70216–SCS, (Bankr. E.D. Va. Mar. 3, 2017), ECF No. 30. On April 13, 2017, the bankruptcy court held a hearing and granted the Motion to Reopen, and ordered the appointment of a trustee. Id., ECF Nos. 34, 36–38. By order dated April 27, 2017, the bankruptcy court appointed John C. McLemore as trustee for the bankruptcy estate. Id., ECF No. 39.

The Defendants' Motion for Summary Judgment, filed February 16, 2017, opposes the Motion to Stay on two grounds. First, the Defendants argue that the court lacks subject matter jurisdiction over this proceeding because the Plaintiff's claim belongs to the bankruptcy trustee, and the Plaintiff therefore lacks standing to bring this action.[5] Mem. Supp. Sum. Judg. at 8.

---

**2.** The Complaint was filed within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue, as extended by agreement with the Defendants. Compl. ¶ 12.

**3.** The Plaintiff's counsel in the bankruptcy proceeding was Ronald J. Berg, who was associated with Berg & Associates, PC, in Norfolk, Virginia. See Declaration of Sabina Haydu ("Haydu Declaration"), ECF No. 11–1, ¶ 6.

**4.** The Plaintiff states that she informed Berg of her Title VII claims and EEOC charge, and that he advised her that she did not need to disclose them in the bankruptcy proceeding. Haydu Decl. ¶ 8.

**5.** The Defendants assert this argument as part of their Motion for Summary Judgment under Rule 56, but a motion to dismiss for lack of subject matter jurisdiction is properly brought

Second, the Defendants argue that because the Plaintiff initially represented to the bankruptcy court that she had no actual or potential claims, she is estopped from now asserting those claims here. Id. at 11.

## II. APPLICABLE CASE LAW

█ The Plaintiff's discrimination claims were being considered by the EEOC when she filed her bankruptcy petition, and accordingly they became the exclusive property of the bankruptcy estate when she filed for bankruptcy. See Logan v. JKV Real Estate Servs. (In re Bogdan), 414 F.3d 507, 512 (4th Cir. 2005) ("More specifically, 'property of the estate' under § 541(a) has 'uniformly been interpreted to include causes of action.'") (quoting Polis v. Getaways, Inc. (In re Polis), 217 F.3d 899, 901 (7th Cir. 2000)). Because the Plaintiff's claims were the property of the bankruptcy estate, the trustee alone had standing to bring them. Nat. Am. Ins. v. Ruppert Landscaping Co., Inc., 187 F.3d 439, 441 (4th Cir. 1999).

█ The Defendants urge the court to end its inquiry there. They argue that because the "[t]rustee alone has standing to bring any Title VII claims," the court lacks subject matter jurisdiction, cannot rule on the Motion to Stay, and must grant summary judgment. Mem. Supp. Sum. Judg. at 8. The Defendants argue that, as "in Vanderheyden, there is nothing in this record to show that the bankruptcy trustee abandoned Haydu's employment claims or that Haydu sought to exempt such claims from the bankruptcy estate," and therefore the Plaintiff "clearly lacks standing." Defs.' Amended Reply at 2; see also Mem. Supp. Sum. Judg. at 6–7.

The Vanderheyden court ultimately concluded that the plaintiff lacked standing to pursue her Title VII claims and could not show that the trustee had abandoned the claims. Vanderheyden v. Peninsula Airport Comm'n, No. 4:12-cv-46, 2013 WL 30065, at *9 (E.D. Va. 2013) (Davis, J.). But it did so only after the bankruptcy trustee had an opportunity to intervene in the civil case. Id. at *10. The district court explicitly noted that the magistrate judge had recommended that the bankruptcy trustee be given a "reasonable time in which to seek to intervene as the real party in interest, pursuant to the liberal joinder rules of the federal courts." Id. The magistrate judge's Report and Recommendation expressly found that if a timely petition to intervene were submitted, it "should be granted to permit the trustee to pursue the claims on behalf of [the plaintiff]'s creditors." Vanderheyden v. Peninsula Airport Comm'n, No. 4:12-cv-46, 2012 WL 6760107 at *8 (E.D. Va. Sept. 27, 2012). The magistrate judge recommended allowing approximately four weeks to cure the standing issue. Id. (allowing the trustee to intervene before "the time for objections expires"). Only after the bankruptcy court considered the Plaintiff's request and "denied [the plaintiff's] petition to reopen the bankruptcy action," which foreclosed any possibility that a new trustee would ever be appointed in the plaintiff's bankruptcy case, did the court grant summary judgment. Vanderheyden, 2013 WL 30065, at *10.

Accordingly, dismissal based upon a debtor's lack of standing is appropriate when there is no possibility that the trustee will intervene. Id. Here, by contrast, the bankruptcy court has recently ordered the appointment of a trustee. Order Granting Motion to Reopen Case, In re Haydu, No. 15–70216–SCS, (Bankr. E.D. Va. Apr. 25, 2017), ECF No. 38. The Federal Rules require that the court "not dismiss an action for failure to prosecute in the name of the real party in interest until, after an

---

pursuant to Rule 12(b)(1). The labeling of the

Motion does not affect the court's ruling.

objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Because on April 13, 2017, the bankruptcy court ordered the appointment of a trustee, the trustee has not yet been allowed a "reasonable time" to ratify, join, or be substituted into this action. See id.

In a similar context, a district court initially dismissed a plaintiff's undisclosed discrimination claims when it found that the claims were assets of her bankruptcy estate that only the trustee had standing to assert. Ruffin v. Lockheed Martin Corp., No. WQD-13-2744, 2015 WL 127827, at *3 (D. Md. Jan. 7, 2015). The court did not immediately dismiss the action; it dismissed the action only after five months elapsed without any response from the trustee. Id. Moreover, upon the plaintiff's subsequent "motion for· reconsideration," the court realized that a successor trustee had only recently been appointed when it had made its prior ruling, and granted the motion. Id. at *3–*4. Here, the trustee has not yet decided whether to intervene. A decision from this court that assumes that the trustee will not intervene would be premature.

Ruffin is not an outlier. In the same district, a court later faced a similar situation and declined to dismiss the plaintiff's action; it instead afforded the plaintiff "a reasonable time to seek to reopen the bankruptcy case so as to amend the petition, and to afford the trustee the opportunity to intervene in [the] action, ratify it, or abandon the claim." Jones v. Safeway, Inc., No. ELH-12-03547, 2014 WL 6871586, at *6 (D. Md. Dec. 3, 2014). This approach, which affords the trustee the opportunity to intervene, is less drastic than dismissal and favors the interests of the debtor's creditors. Id. The court granted the plaintiff thirty (30) days to cure the standing issue. Id.

With these legal principles in mind, the court considers the outstanding motions, namely the Plaintiff's Motion for Leave, the Plaintiff's Motion to Stay, and the Defendants' Motion for Summary Judgment.

## III. CONCLUSION

The Plaintiff's Motion for Leave seeks to supplement her Motion to Stay with the Motion to Reopen Case, ECF No. 14-1, and Notice of Motion to Reopen, ECF No. 14-2, that were filed in the bankruptcy court and submitted with her Motion for Leave. These exhibits support the Motion to Stay by demonstrating that the Plaintiff did in fact seek to reopen the bankruptcy case. Accordingly, the court **GRANTS** the Motion for Leave and **DIRECTS** that the record here be so supplemented.

Further, the court finds that the trustee should be afforded a reasonable opportunity to intervene in this action. However, if the standing issue is not timely cured, the court will rule upon the Motion for Summary Judgment. Additionally, the court need not determine, at this juncture, whether the Plaintiff is estopped from pursuing her discrimination claims. See Jones, 2014 WL 6871586, at *7 n.4 (declining to address estoppel until the standing issue was resolved). The court **GRANTS** the Plaintiff's. Motion to Stay and **STAYS** these proceedings for sixty (60) days from the date of entry of this Memorandum Order to allow the trustee to decide whether to intervene and thereby cure the Plaintiff's lack of standing. At this juncture, the Defendants' Motion for Summary Judgment is **HELD IN ABEYANCE**, pending the trustee's decision.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to counsel for the parties; to the bankruptcy

court; and to John C. McLemore, the trustee in the Plaintiff's bankruptcy case.

**IT IS SO ORDERED.**